# INDIAN GRANT.

JACKSON *ex dem.* SMITH *v.* GOODELL. In C. E. 20 Johns. 188.

In S. Ct. 15 id. 693.

## *Indian's Grant and Citizenship.*

EJECTMENT. The Supreme Court held in this case that the Indian tribes of the state of New York were citizens, and might acquire real estate by purchase or descent, and alien and transmit it as natural born citizens, subject to legislative restrictions.

That therefore, the only son of an Indian who was a grantee of lands from the state for revolutionary services, might make a valid deed of them, there then being no law to restrain individual Indians from a disposition of their lands, acquired by an Indian, as an individual, distinct from his tribe, the conveyance having been made anterior to the act of 4 April, 1801, prohibiting such conveyances.

But the Court of Errors held, (Kent, Chancellor, delivering the opinion of the court,) 1. That the Indians within the state of New York were not even *quasi* citizens, but are distinct tribes or nations, permitted to live in the state, and under its protection.

2. That a patent of land to *J. S., an Oneida Indian, and to his heirs and assigns forever,* is to him and his *Indian heirs,* whatever their civil condition or character may be, whether aliens or citizens, and that such a patent is to be taken as issued by due authority, and as equivalent to a legislative grant to J. S., and his *Indian heirs.*

3. That a deed executed in 1797, by the son and heir of such an Indian patentee of land, to a citizen in the usual form, without the assent of the legislature, was illegal and void, before the act of 1801.

Judgment of *reversal.*

☞ S. P. in *Lee* v. *Glover,* 8 Cow. 189, where the deed

was held void, whether the Indian grantor reside with his tribe or not, if he reside in the state; and that, being *void*, no act of disaffirmance was necessary to render it invalid and unavailable to the grantee. Also held, that a patent from the people does not alter the rights or disabilities of the parties.